WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
Reno, Nevada 89502
Phone: (775) 853-9455
*Attorneys for Plaintiff Amanda Drowns*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMANDA DROWNS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>RUTH'S HOSPITALITY GROUP, INC., a foreign corporation, d.b.a. Ruth's Chris Steakhouse,<br><br>    Defendant. | CASE NO. 3:20-cv-0661<br><br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

*The Geddes Law Firm, P.C.*
*1575 Delucchi Lane, Suite 206*
*Reno, NV 89502*
*Phone 775-853-9455*

COMES NOW Plaintiff AMANDA DROWNS, by and through her counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of the law firm THE GEDDES LAW FIRM, P.C. and hereby complains of Defendants RUTH'S HOSPITALITY GROUP, INC.as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment-discrimination case arising under the Title VII of the Civil Rights Act of 1964, as amended, NRS 613.330 (gender discrimination) and NRS 613.340 (retaliation), raising both disparate treatment and disparate impact claims.  Defendant RUTH'S HOSPITALITY GROUP, INC. operates a chain of more than 150 fine-dining restaurants under the name Ruth's Chris Steak House restaurants nationally, known as Ruth's Chris Steakhouse.  As for her disparate treatment claims, from October 18, 2018 through July 28, 2019, Plaintiff Amanda Drowns was employed by Ruth's Chris Steakhouse in Reno, Nevada, as a lower-level, hospitality manager and then later, but only temporarily, the acting-general manager of the restaurant.  During her employment at Ruth's Chris Steakhouse,

Plaintiff was subjected to different terms and conditions of employment based on her female gender—including when being denied a promotion to general manager, being subjected to false and hypercritical discipline, and being fired on a pretext.  As for her disparate-impact claims, Ruth's Chris Steakhouse has pursued policies and practices on a continuing basis, which have had the effect of denying equal job opportunities in upper management/General Manager positions to qualified women.  As a result of these policies, Ruth's Chris Steakhouse interviews, selects, and promotes women to the upper management/General Manager positions at a rate significantly less than the rate that would be expected based on the number of women in the applicable pool of candidates.  For example, in the company's Pacific Northwest Region and the Central-to-Southern, California Region, having approximately fifteen restaurants in Oregon, California, and Northern Nevada there were only two females promoted to the position general managers by Ruth's Chris Steakhouse.  These policies have had a disparate impact on females being promoted to upper management/General Manager positions, including Plaintiff.  Plaintiff seeks monetary, equitable, declaratory, and injunctive relief.

## II.

### JURISDICTION AND VENUE

1.     The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  In particular, this case asserts federal discrimination claims, actionable under Title VII, codified at 42 U.S.C. § 2000e *et seq.*  This Court has supplemental jurisdiction over the corresponding state-law discrimination claims (NRS 613.330 and NRS 613.340), pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

2.     Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Reno, County of Washoe, Nevada, and because Defendant RHGI conducted business as Ruth's Chris Steakhouse Nevada in the City of Reno, County of Washoe, Nevada, where a substantial part of the events or omissions giving rise to the claims of the case occurred.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

### III.

### PARTIES

3.      At all times relevant herein, Plaintiff AMANDA DROWNS ("DROWNS") was a citizen of the state of Nevada, residing in the City of Reno, County of Washoe, Nevada.

4.      Defendant RUTH'S HOSPITALITY GROUP, INC. ("RHGI") is a foreign corporation, organized under the laws of Delaware, operating a national chain of more than 150 fine-dining restaurants under the name Ruth's Chris Steak House.  At all times relevant herein, RHGI employed more than 5,000 employees, nationwide.  At all times relevant herein, RHGI was authorized to do business in the state of Nevada and was actually doing business as a corporation in the state of Nevada.

### IV.

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

5.      DROWNS was an employee of RHGI from October 18, 2018 through July 28, 2019, working at the Ruth's Chris Steakhouse Restaurant ("Restaurant"), situated in the city of Reno, county of Washoe, state of Nevada, initially as a hospitality manager and then, later, but only temporarily, as the acting-general manager of the Restaurant.

6.      At all times relevant herein, a typical Ruth's Chris Steakhouse employs five managers, including a general manager, two front-of-the-house managers, an executive chef, and a sous chef, in addition to approximately 60 hourly-employees, and the Restaurant in Reno, Nevada was a typical Ruth's Chris Steakhouse in this regard.

#### *Disparate Impact Policies, Practices, and Statistics*

7.      At all times relevant herein, RHGI pursued policies and practices at its Ruth's Chris Steakhouses on a continuing basis, which have had the effect of denying equal job opportunities in upper management, including the position of General Manager, to qualified women, including without limitation, those policies and practices ("Policies and Practices"), which systemically:

(A)     foster a male-dominated culture that is demeaning, hostile, and discriminatory to women;

(B)     recruit, interview, and select general managers to be hired almost exclusively from *within* the restaurants by way of promotion;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

(C)     maintain an undisciplined and non-uniform system of decisionmaking when recruiting, interviewing, evaluating, selecting, and promoting candidates to the upper management position of General Manager, including by giving significant or unchecked discretion to lower-level supervisors, who are predominantly male, to pre-select and "groom" employees into lower-level management positions, based on unweighted, subjective, vague, arbitrary, non-uniform, unvalidated, and gender-based criteria, from which upper-management /General Manager positions are overwhelmingly selected to be interviewed and promoted;

(D)     rely on unweighted, subjective, vague, arbitrary, non-uniform, unvalidated, and gender-based criteria and gender stereotypes, implemented by a predominantly male upper-management or executive workforce, in making promotion decisions to upper-management/General Manager positions;

(E)     engage in gender stereotyping against women, including by discouraging the exhibition of the trait of assertiveness by female managers, but not male managers, who seek to obtain upper management/General Manager positions;

(F)     fail and refuse to interview, consider, select, and promote females for upper-management/General Manager positions on the same basis as males are considered; and

(G)     establish and maintain unweighted, subjective, vague, arbitrary, non-uniform, unvalidated, and gender-based criteria and requirements for upper-management/General Manager promotions, which have the effect of excluding qualified women, and which have not been shown to have any significant relationship to job performance or to be necessary to the safe and efficient conduct of Ruth's Chris Steakhouse business.

8.     Based on the pervasive, subjective, and discretionary application of criteria in RHGI's management promotion practices, RHGI's decisionmaking process for the promotion of persons to upper management/General Manager positions are not capable of separation for analysis, such that the decisionmaking process may be analyzed as one employment practice.

9.     As a result of these Policies and Practices, RHGI promotes women to the upper management/General Manager positions at Ruth's Chris Steakhouse at a rate significantly less than the rate that would be expected:

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

(A)     based on the number of women in the pool of applicants or pool of lower management, from which promotions to general manager positions are made; or

(B)     based on the number of women in the reasonable *proxy* of such a pool, *i.e.*, otherwise qualified female applicants in the relevant labor market (*i.e.*, the local labor force possessing the requisite skills), given that women are underrepresented in the applicant pool and/or lower-management class, such that women are discouraged or deterred from applying for Ruth's Chris Steakhouse upper management/General Manager positions based on the company's Policies and Practices and, thus, are underrepresented as a pool of applicants.

10.     As a result of these Policies and Practices, the interviewing rate and/or selection rate of General Manager positions for women is less than four-fifths or eighty percent (80%) of the corresponding rate(s) for males, who have the highest rate(s), satisfying the "Four-Fifths"-Selection Rule set forth in the Uniform Guidelines on Employee Selection Procedures ("Uniform Guidelines"), 29 C.F.R. § 1607.4(D).  For example, at all relevant times herein, in the company's Pacific Northwest Region and the Central-to-Southern-California Region, having approximately fifteen restaurants in Oregon, California, and Northern Nevada there were only *two* female general managers (2/15) selected or promoted by Ruth's Chris Steakhouse.

### *Disparate Treatment*

11.     From October to December of 2018, DROWNS was a lower-level manager of the Restaurant, working as a front-of-house hospitality manager.

12.     In December of 2018, a vacancy for the position of General Manager opened up at the Restaurant.

13.     DROWNS was temporarily installed as the *acting* General Manager of the Restaurant, while RHGI conducted job interviews for the open position.

14.     Subsequently, in February of 2019, while still employed as the acting General Manager, DROWNS informed Gerry Murphy ("Murphy"), a Vice President of the company who was visiting the Restaurant around Valentine's Day, that she wanted to be considered for the permanent—*i.e.*, not temporary—position of General Manager at the Restaurant.

15.     In response, Murphy told DROWNS to fill out an on-line job application for the position

of General Manager of the Restaurant, whereupon an "online assessment" for the position of General Manager would thereafter be prompted on the computer screen for her to fill out, as well.

16.     DROWNS did as instructed, filling out an online job application for the position of General Manager of the Restaurant, but she was not thereafter prompted to fill out an "online assessment" for the position of General Manager.  Instead, she was prompted to fill out an online assessment for a low-level/regular management position—which she had already previously filled out, when applying for her original position as a front-of-the-house manager, and which the company already had on file.  Nevertheless, Drowns filled out this online assessment for a lower-level/regular management position again.

17.     DROWNS subsequently contacted Murphy, to inform him that she was prompted to fill out the online assessment for the position of a lower-level/regular management position, asking if that was the correct assessment to fill out for the position of upper management/General Manager.  In response, Murphy told her, "no, it's not the same assessment," adding that he would send her the correct assessment form to fill out for the position of General Manager.  But he never did.

18.     After not receiving this assessment form from Murphy, DROWNS contacted Shannon Rickard ("Rickard"), Ruth's Chris Steakhouse Human Resources manager, asking Rickard to send the correct General Manager assessment form to DROWNS, and Rickard told her she would do so.  But Rickard did not do so.

19.     Upon not receiving this form as promised, DROWNS called Rickard a second time, asking her to send the correct assessment form.  Rickard said she would do so.  But she never did.

20.     DROWNS contacted Rickard a third time, again requesting the correct assessment form for the position of General Manager, and Rickard told her not to worry about filling out the form because it was "just a formality" and "not that important" to her application process.

21.     Thus, DROWNS was permitted by the RHGI to pursue her candidacy for the position of General Manager, without having completed the General Manager assessment form.

22.     As well, DROWNS pursued her candidacy for the position of General Manager, without having been scheduled for a formal, sit-down job interview, nor was she ever evaluated for the position by any apparent, objective criteria in any formal job interview.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

23.     The nonchalant, haphazard, and non-uniform manner of RHGI's handling the application, interviewing, and selection process for the open General Manager position at the Restaurant, including with regard to DROWNS' application for position, evidences the company's Policies and Practices, identified above, including the undisciplined, non-uniform system of for recruiting, interviewing, evaluating, selecting, and promoting candidates to the upper management position of General Manager.

24.     Nevertheless, on her own initiative, when Murphy was visiting the Restaurant, DROWNS prepared and presented a formal PowerPoint presentation to Murphy, setting forth her qualifications to become General Manager of the Restaurant, showing how she met the requirements for the position, and generally pitching herself for the promotion.

25.     At all times relevant herein, DROWNS was sufficiently qualified by education, training, experience, and skills to be promoted to the General Manager position at the Restaurant, and she performed satisfactorily as an employee at the Restaurant, including as a front-of-the-house hospitality manager, and thereafter, as the *acting* General Manager of the Restaurant.

26.     Indeed, prior to making her PowerPoint presentation to Murphy, DROWNS got positive feedback on her qualifications to be the General Manager of the Restaurant from Kyle Leslie ("Leslie"), a male General Manager of Ruth's Chris Steakhouse in Orlando, Florida, who, visited the Restaurant and assessed DROWNS' job performance in person from mid-December 2018 to February 3, 2019, when DROWNS was the acting-General Manager in person.

27.     Specifically, on February 3, 2019, when DROWNS asked Leslie about whether she should apply for the position of General Manager at the Restaurant, Leslie said, "yes, go for it," telling her he thought "she was ready" for the position.

28.     However, Leslie also warned DROWNS that she should stop raising concerns about Food and Beverage Manager, Sean Liller's sexual harassment of female staff, "or you will never get promoted," and this statement further evidenced a Ruth's Chris Steakhouse culture and bias against "assertive" female managers, including those who advocate for the protection of women against unlawful discrimination in the workplace.

29.     As well, prior to making her PowerPoint presentation to Murphy, DROWNS made her

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

7

PowerPoint presentation by telephone to Leslie, after he returned to Orlando, Florida, and Leslie told DROWNS that he thought it was great, and to apply for the position.

30.     Also, prior to making her PowerPoint presentation to Murphy, DROWNS made her PowerPoint presentation by telephone to the General Manager of the Ruth's Chris Steakhouse in Fresno, California named Brett, by telephone, and he also told her that he thought it was a great presentation, and he encouraged her to apply for the position.

31.     With this validation in mind, DROWNS made her in-person PowerPoint presentation to Murphy in February of 2019.

32.     On her own initiative, in the absence of any formal interview process for the position of General Manager of the Restaurant, and after making her PowerPoint presentation to Murphy, DROWNS requested to pitch her PowerPoint presentation to Rich Jenkins ("Jenkins"), the Vice President of Operations of the Company.

33.     Murphy responded "yes," but he admonished DROWNS to "tone it down," because she "came on too strong."

34.     Murphy's response here evidenced RHGI's gender-stereotyping about women in management roles and evidenced a bias against assertive women, including by executive officers of the company, including Murphy and Jenkins.

35.     In the business culture of Ruth's Chris Steakhouse, males are lauded for the trait of assertiveness, but females are not; they are expected to be more docile, especially in the upper management/General Manager positions.

36.     On her own initiative, DROWNS subsequently presented her PowerPoint presentation to Jenkins over the phone in March of 2019, after which Jenkins told DROWNS that he would "get back to her" in several weeks.  But he never did.

37.     In mid-April of 2019, DROWNS asked Murphy about her candidacy for the promotion—having worked many months now in the position of General Manger, but not having received the pay of a General Manager, but only her lower-level manager salary.

38.     In response, Murphy lied to DROWNS, telling her that she was going to be given the position of General Manager of the Restaurant, and the company was "going to make it official in a

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

couple of weeks," adding that she could order her new business cards and start representing herself to others as the permanent General Manager of the Restaurant.

39.     However, as the weeks passed, DROWNS was not promoted to the permanent position of General Manager of the Restaurant, and Gerry Murphy ignored DROWN's follow-up inquiries as to when she would officially receive the promotion.

40.     Ruth's Chris Steakhouse intentionally refused to consider or select DROWNS to the permanent position of General Manager of the Restaurant because of, or motivated by the fact that, she was a woman.

41.     Additionally, or in the alternative, RHGI's  Policies and Practices, described herein, had a disparate impact on DROWNS, a female, and her being recruited, interviewed, and/or selected to the position of General Manager, such adverse impact resulting in her not selected to the position of General Manager of the Restaurant, whereas, a male named Carlos *was* selected for that position, on the basis of his gender.

42.     RHGI's Policies and Practices, described herein, had a disparate impact on females, including DROWNS, being recruited, interviewed, and selected to the position of General Manager at the Restaurant, based on their gender as female.

43.     Other examples of company bias against female managers, in favor of male managers, exists, including the following ones, which further show that assertiveness was not a quality expected of female managers, but was discouraged or punished, and that male managers were given greater trust and credibility than female managers were:

(A)     For example, in or about late December of 2018, DROWNS began to suspect that Liller, a male Beverage Manager, was engaging in inappropriate sexual conduct with female subordinates, as well as committing theft;

(B)     Plaintiff did not have the authority to reprimand Liller, so she reported her concerns to higher-ups in the company, but those concerns were ignored, and she was admonished to leave Liller alone, and to "let him find his way";

(C)     But, in contrast, when Leslie, a male manager became aware of Liller's suspected behavior and reported it to the company, Ruth's Chris executives took prompt action and

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

terminated Liller's employment;

(D)     For example, after Liller was fired, DROWNS urgently requested and recommended to Murphy that Liller's keys to the Restaurant be confiscated for security reasons;

(E)     But Murphy disregarded her request and recommendation;

(F)     Thereafter, in April of 2019, Liller used his keys, which had not been confiscated by RHGI, to enter the Restaurant after hours, in an apparent attempt to burgle the restaurant, while DROWNS was alone in the building.  Mr. Liller was startled by DROWNS' presence and fled the scene; and

(G)     If DROWNS were a male reporting the same concern and making the same request and recommendation, Murphy and other members of management would have assigned a higher degree of credibility to DROWNS' concerns and taken appropriate action sooner.

44.     In May of 2019, DROWNS complained to Shannon Rickard, a Ruth's Chris Human Resources Representative, that her candidacy for the position of General Manager of the Restaurant was not earnestly being considered, and that she was not being promoted to the position of General Manager of the Restaurant, because of or motivated by her female gender.

45.     Plaintiff further complained that her requests, and recommendations regarding Liller, described herein, were also ignored due to her being a female.

46.     A few weeks later DROWNS received a written reprimand, the first in her employment, from Murphy, based on a false claim from a disgruntled subordinate that DROWNS was racist.

47.     DROWNS denied the false claim and requested that RHGI conduct a proper, reasonable, and fair investigation of the matter, which would have revealed that the complaining employee asserted a false claim, which lacked credibility, and that the employee had a history of using inappropriate racial language and had a personal vendetta against DROWNS, motivating his false claim.

48.     However, RHGI refused to conduct a reasonable investigation and instead conducted an unfair, biased, and sham investigation—including when not interviewing witnesses requested by DROWNS and when refusing to consider relevant evidence offered by DROWNS—for the purpose of masking its discriminatory conduct against DROWNS and building a false case against her in retaliation for her protected activities, complaining of gender discrimination by RHGI against her.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

49. In mid-June of 2019 DROWNS was informed that she would not be considered for the General Manager position at the Restaurant.

50. But DROWNS was never actually earnestly considered by RHGI for the promotion to General Manager because of, or motivated by, her gender, as described herein

51. Additionally, or in the alternative, DROWNS was never seriously considered for the promotion of General Manager of the Restaurant in retaliation for complaining of gender discrimination, as described herein.

52. Additionally, or in the alternative, DROWNS was not seriously considered or selected for the promotion as a disparate impact of RHGI's Policies and Practices, described herein.

53. Subsequently, DROWNS was locked out of the *acting* General Manager email's account.

54. DROWNS later learned that a male would be placed in the General Manager position (and he ultimately was), and that DROWNS would be demoted to the Beverage Manager position.

55. On July 20, 2019, DROWNS informed Ms. Rickard and other members of management that she had filed a charge of unlawful discrimination with the Nevada Equal Rights Commission ("NERC") based on gender against RHGI, explaining the bases of her claims, which have been described herein.

56. About a week later, on July 28, 2019, DROWNS was informed that she was being terminated.

57. The reasons provided for her termination were pretextual, as she was accused of conducting a "line check" after the fact, which is false, and even if it were true, belated line checks were routinely tolerated by RHGI for other employees, given the shortage of staff and time which was experienced at Ruth's Chris Steakhouses and the Restaurant, and such a practice was not viewed as a disciplinary matter or one warranting termination, prior to her termination.

58. DROWNS was terminated because of, or motivated by, her gender and/or in retaliation for complaining of discrimination and/or in retaliation for having filed a discrimination charge with NERC.

59. RHGI's actions violated Title VII of the Civil Rights Act of 1964, as amended, and NRS

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

613.330 and NRS 613.340.

60.     DROWNS timely submitted, or caused to be submitted, charges of unlawful discrimination based on gender and retaliation with the Nevada Equal Rights Commission ("NERC") (which is the State of Nevada's Fair Employment Practices Agency) and the Equal Employment Opportunities Commission ("EEOC"), as alleged herein, in NERC/EEOC Claim No. 34B-2019-01115, and DROWNS's charge was filed, or is deemed to be filed, on June 21, 2019, when she filed her NERC intake questionnaire.

61.     All of DROWNS's claims alleged herein have been administratively exhausted with both the EEOC and NERC.

62.     On August 31, 2020, the NERC issued a "right-to-sue letter" to DROWNS for the discrimination claims of this case, set forth in NERC Claim No. 34B-2019-01115, and DROWNS timely filed the instant suit within ninety (90) days of his receipt of that "right-to-sue letter."

63.     On September 1, 2020, the EEOC issued a "right-to-sue letter" to DROWNS for the discrimination claims of this case, set forth in EEOC Claim No. 34B-2019-01115, and DROWNS timely filed the instant suit within ninety (90) days of her receipt of that "right-to-sue letter."

### FEDERAL CLAIMS

### V.

### FIRST CLAIM FOR RELIEF

### TITLE VII DISCRIMINATION BASED ON GENDER:

### —FAILURE TO PROMOTE—

### (TITLE VII - 42 U.S.C. § 2000e *et seq*.)

64.     DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

65.     DROWNS belongs to a protected class, being female.

66.     DROWNS applied for the position of General Manager of the Restaurant, which position had candidacy requirements satisfied by DROWNS' education, training, experience, and skills.

67.     DROWNS was qualified by  education, training, experience, and skills for the position

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

of General Manager of the Restaurant.

68.   DROWNS was not seriously or earnestly considered for the position of General Manager of the Restaurant, as described herein, based on her gender.

69.   DROWNS was not selected and was denied the position of General Manager of the Restaurant, as described herein, based on her gender.

70.   DROWNS was rejected for the position of General Manager of the Restaurant, despite her qualifications.

71.   RHGI continued to consider other applicants whose qualifications were comparable to, or inferior to, DROWNS, after rejecting DROWNS.

72.   RHGI filled the position with an employee not of plaintiff's class, *i.e.* RHGI hired a male, Carlos, to fill the position of General Manager of the Restaurant.

73.   RHGI (including through its employees and agents) did not promote DROWNS to the position of General Manager of the Restaurant, because of, or substantially motivated by the fact of, her protected class, *i.e.*, because she was a female.

74.   RHGI (including through its employees, officers, and agents) unlawfully discriminated against DROWNS, when not earnestly considering her for the position and when not selecting her as the General Manager of the Restaurant because of or motivated by her sex, female,  in violation of Title VII.

75.   DROWNS' protected trait, her female gender, was a motivating factor of RHGI's decisions (and the decisions of RHGI's employees, officers, and agents) not to reasonably or seriously consider and/or not to select DROWNS for the position of General Manager of the Restaurant, in violation of Title VII.

76.    RHGI's discriminatory conduct was intentional, including as evidenced by:

(A)   Murphy lying to DROWNS about the status of her having been selected for the position of General Manager at the Restaurant, when she was never earnestly considered for the position based on her gender, all the while keeping DROWNS *underpaid* at her prior lower-management pay, while she performed in the position of acting General Manager, while the RHGI secretly looked for a male candidate to fill the position;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

(B)   RHGI, through its agents, officers, and employees, including Murphy and Rickard not providing DROWNS with the proper evaluation form to support her application for the position of General Manager of the Restaurant—as promised at least three times, then later telling her that filling out that evaluation form was not important and just a formality;

(C)   Leslie's warning to DROWNS, described herein, that if she raised or persisted in discussing employment discrimination issues in the future, that she would "never get promoted";

(D)   RHGI, through its agents, officers, and employees, including Murphy, deliberately and falsely telling DROWNS that:

(i)   she *would be hired* for the position of General Manager of the Restaurant, when, in fact, she was never reasonably or seriously considered for the position;

(ii)   that she was *already hired* as the General Manager of the Restaurant when, in fact, she was never reasonably or seriously considered for the position; and

(iii)   she should order her business cards for the position of General Manager of the Restaurant, and to start telling others that she was "officially" hired for the position, when, in fact, she was never even considered or earnestly considered for the position.

77.   As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

78.   The intentional, unlawful, and discriminatory conduct of gender-based discrimination by Defendant RGHI (including those committed through RHGI's agents and employees) complained of in this cause of action, was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of DROWNS, warranting an award of punitive damages, to punish Defendant, in an amount determined by a jury at trial, according to law.

79.   As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees complained of in this cause of action), DROWNS has had to retain the services

14

of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

80. As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

81. As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

## VI.

### SECOND CLAIM FOR RELIEF

### TITLE VII DISCRIMINATION BASED ON GENDER:

### —DISPARATE TREATMENT AND WRONGFUL TERMINATION—

### (TITLE VII - 42 U.S.C. § 2000e *et seq.*)

82. DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

83. DROWNS belongs to a protected class, being female.

84. DROWNS was qualified for the management positions she held, including the front-of-house Hospitality Manager, Acting General Manager of the Restaurant, her qualifications having been described herein.

85. At all relevant times herein, DROWNS was also qualified for the management position she applied for: General Manager of the Restaurant and the management position to which she was reassigned, Beverage Manager, her qualifications having been described herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

86.     At all relevant times herein, DROWNS performed her job in a satisfactory manner and to her employer's legitimate expectations.

87.     As a female, DROWNS was subject to disparate treatment at the Restaurant, as compared to males, including when:

(A)     not being given proper consideration and credibility with management concerns, requests, and recommendations that she made, as a female, when males, expressing the same or similar concerns, were given proper consideration and credibility, as described herein—all of which was demeaning to her and which undermined her management authority and interfered with her job performance;

(B)     Leslie's warning to DROWNS, described herein, that if she raised or persisted in discussing employment discrimination issues concerning Liller in the future, that she would "never get promoted," yet when Leslie when raised employment discrimination concerns regarding Liller's sexual harassment of female employees, RHGI terminated Liller;

(C)     DROWNS was being underpaid as an acting-General Manager of the Restaurant, as a female, being paid at her old, lower-management rate, whereas she would have been paid a higher wage commensurate with being the acting-General Manager, if she were a male;

(D)     DROWNS being "led on" and given the false hope and false promise by Murphy that she would be promoted to General Manager of the Restaurant, when she was never earnestly considered for the position, because she was a female, whereas these adverse employment actions would not have occurred if she were a male;

(E)     DROWNS being issued false and hypercritical reprimands or write-ups, as a female, which would not have been issued to similarly situated males;

(F)     DROWNS not being given a proper or reasonable investigation to evaluate the false and hypercritical claims made against her for which she was reprimanded, which, if she were a male, such adverse employment actions would not have been taken; and

(G)     DROWNS being terminated, whereas similarly-situated males would not have been terminated.

88.     As a female, DROWNS was subject to adverse employment actions at the Restaurant,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

16

including when:

    (A)    not being given reasonable consideration and credibility with personnel and administrative concerns, requests, and recommendations that she made, as described herein—all of which was demeaning to her, undermined her employee status and management authority, and interfered with her job performance;

    (B)    being underpaid as an acting-General Manager of the Restaurant;

    (C)    being "led on" and given the false hope and false promise that she would be promoted to General Manager of the Restaurant, when she was never earnestly considered for the position, as a female;

    (D)    being issued false and hypercritical reprimands or write-ups;

    (E)    not being given a proper or reasonable investigation to evaluate the false and hypercritical claims made against her for which she was reprimanded; and

    (F)    being terminated.

89.    Similarly situated individuals not in DROWNS' protected class, *i.e.*, those who were male, were treated more favorably than she was.

90.    RHGI (including through its employees, officers, and agents) unlawfully discriminated against DROWNS, when engaging in this disparate treatment and wrongful termination of DROWNS, because of by her sex, female, in violation of Title VII.

91.    DROWNS' protected trait, her female gender, was a motivating factor of RHGI's adverse employment decisions and actions (including those of RHGI's employees, officers, and agents) when engaging in this disparate treatment and wrongful termination of DROWNS.

92.    RHGI's discriminatory conduct was intentional, including as evidenced by:

    (A)    Defendant, through its agents, officers, and employees, lying to DROWNS about her prospects of being selected for the position of General Manager at the Restaurant, when she was never earnestly considered for the position because of, or motivated by, her gender, all the while keeping DROWNS *underpaid* in the position of acting General Manager, while the company secretly looked for a male candidate to fill the position;

    (B)    Leslie's warning to DROWNS, described herein, that if she raised or persisted in

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

discussing employment discrimination issues in the future, that she would "never get promoted."

(C)     RHGI, through its agents, officers, and employees including Murphy and Rickard, not providing DROWNS with the proper evaluation form to support her application for the position of General Manager of the Restaurant—as promised at least three times, then later telling her that filling out that evaluation form was not important and just a formality;

(D)     Defendant, through Murphy, deliberately and falsely telling DROWNS that:

(i)      she *would be hired* for the position of General Manager of the Restaurant, when, in fact, she was never reasonably or seriously considered for the position;

(ii)     that she was *already hired* as the General Manager of the Restaurant when, in fact, she was never reasonably or seriously considered for the position; and

(iii)    she should order her business cards for the position of General Manager of the Restaurant, and to start telling others that she was "officially" hired for the position, when, in fact, she was never reasonably or seriously considered for the position.

93.     As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

94.     The intentional, unlawful, and discriminatory conduct of gender-based discrimination by RGHI (including those committed through RHGI's agents and employees) complained of in this cause of action, was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of DROWNS, warranting an award of punitive damages, to punish Defendant, in an amount determined by a jury at trial, according to law.

95.     As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

18

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

96.     As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

97.     As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

## VII.

### THIRD CLAIM FOR RELIEF

### TITLE VII DISCRIMINATION BASED ON GENDER:

### —DISPARATE IMPACT FAILURE TO PROMOTE—

### (TITLE VII - 42 U.S.C. § 2000e *et seq.*)

98.     DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

99.     At all times relevant herein, RHGI pursued the Policies and Practices, described herein, which have had the effect of denying equal job opportunities in upper management and the position of General Manager.

100.    Some or all of these Policies and Practices are "neutral" on their face, and/or are not capable of separation for analysis, based on the fact that RHGI's decisionmaking process for the promotion of persons to upper management/General Manager positions were based on the pervasive, subjective, and discretionary application of criteria in RHGI's management promotion practices, such that the decisionmaking process may be analyzed as one employment practice.

101.    Statistical evidence exists of a kind and degree sufficient to show that RHGI's Policies

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

19

and Practices have caused the exclusion of applicants, including DROWNS, for the job interviews and job promotion of General Manager of the Restaurant because of their membership in the protected group, *i.e.*, females, and this exclusion occurred to DROWNS for the position of General Manager of the Restaurant, as described herein.

102. Such statistical evidence satisfies the "Four-Fifths"-selection rule set forth in the Uniform Guidelines on Employee Selection Procedures ("Uniform Guidelines"), 29 C.F.R. § 1607.4(D).

103. Accordingly, RHGI has violated Title VII by pursuing and maintaining its Policies and Practices, which have had the discriminatory impact on females (including DROWNS) not being interviewed and not being selected for upper management/general management positions, including DROWNS not being earnestly considered or interviewed for the position, and not being selected or promoted to the position of, General Manager at the Restaurant.

104. As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

105. As a result of Defendant RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action), DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

106. As a result of Defendant RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

107. As a result of Defendant RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

**VIII.**

**FOURTH CLAIM FOR RELIEF**

**UNLAWFUL RETALIATION BASED ON GENDER-PROTECTED ACTIVITIES**

**(TITLE VII - 42 U.S.C. § 2000e *et seq*.)**

108. DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

109. At all times relevant herein, DROWNS engaged in protected activities ("Protected Activities") when opposing RHGI's conduct (including that conduct of its agents, officers, and employees) that DROWNS reasonably believed to violate Title VII of the Civil Rights Act of 1964, based on gender, when:

(A) In late December of 2018 or January of 2019, DROWNS reported to RHGI that Liller was engaging in inappropriate sexual conduct with female subordinates, which reported his unlawful employment discrimination and harassment based on sex by Liller, as described herein;

(B) In May of 2019, DROWNS complained to Rickard, that her candidacy for the position of General Manager of the Restaurant was not earnestly being considered, and that she was not being promoted to the position of General Manager of the Restaurant, because of or motivated by her female gender; and

(C) On July 20, 2019, DROWNS informed Rickard and other members of RHGI management that she had filed a charge of unlawful gender discrimination with the Nevada Equal Rights Commission ("NERC") against RHGI, explaining the bases of her claims.

110. In response to DROWN's Protected Activity occurring prior to July 20, 2019, described

herein, RHGI (including through its agents, officers, and employees) subjected DROWNS to adverse employment actions, including when:

(A)  Lying and/or continuing to lie to DROWNS about the status of her having been selected for the position of General Manager at the Restaurant, when she in fact was not selected for that position, while also keeping DROWNS *underpaid* at her prior lower-management pay, while requiring that she perform in the position of acting General Manager, as described herein;

(B)  Not earnestly considering DROWNS' application for the position of General Manager of the Restaurant, or in the alternative, terminating any consideration of DROWNS' application for the position of General Manager of the Restaurant, as described herein;

(C)  Not selecting DROWNS for the position of General Manger of the Restaurant, as described herein;

(D)  Issuing a false and hypercritical reprimand of DROWNS concerning a false complaint that she was a racist, as described herein;

(E)  Failing to conduct a fair and reasonable investigation the matter for which this false and hypercritical reprimand was issued;

(F)  Advising DROWNS, in mid-June of 2019, that she would not be considered for the position of the General Manager of the Restaurant;

(G)  Issuing a second false and hypercritical reprimand regarding the performance of line-checks, described herein; and

(H)  Terminating DROWNS, on a pretext based on false and hypercritical reprimands, as described herein.

111.  In response to DROWN's Protected Activity occurring in July of 2019, described herein, Defendant RHGI (including through its agents, officers, and employees) subjected DROWNS to adverse employment actions, including when:

(A)  Issuing a second false and hypercritical reprimand, regarding the performance of line-checks, described herein; and

(B)  Terminating DROWNS, on a pretext based on its false and hypercritical reprimands, as described herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

112.   A causal link exists between the protected activity and the adverse action, including as evidenced by the statements and acts of RHGI and its officers, managers, employees, and agents, as described herein, and including as evidenced by the "temporal proximity" between the Protected Activities and the adverse employment actions described herein.

113.   Accordingly, Defendants engaged in unlawful retaliation against DROWNS, in violation of Title VII of the Civil Rights Act of 1964 because of her Protected Activities, as described herein.

114.   RHGI's discriminatory conduct was intentional, including as evidenced by:

(A)   RHGI's deception to DROWNS concerning her about her promotion to General Manager, while underpaying her as the acting-General Manager, as described herein;

(B)   Leslie's warning to DROWNS, described herein, that if she raised or persisted in discussing or raising employment discrimination issues in the future—which she ultimately did—that she would "never get promoted," and this threat presciently came true, with malice aforethought by RHGI; and

(C)   RHGI issued DROWNS the first false and hypercritical reprimand described herein a few weeks after DROWNS complained of gender discrimination against her, which reprimand served to warn and deter DROWNS from engaging in further protected activities of complaining about gender discrimination, such that her further protected activity of July 20, 2019, was met with a more severe form of retaliation: termination; and

(D)   RHGI deliberately refused to reasonably investigate this false and hypercritical reprimand, to carry out its pre-scripted narrative and pretext.

115.   As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

116.   The intentional, unlawful, and discriminatory conduct of gender-based discrimination by RGHI (including those committed through RHGI's agents and employees) complained of in this cause

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

of action, was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of DROWNS, warranting an award of punitive damages, to punish Defendant, in an amount determined by a jury at trial, according to law.

117.    As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

118.    As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

119.    As a result of RHGI's Title VII violations (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

### *STATE CLAIMS*

### IX.

### FIFTH CLAIM FOR RELIEF

### STATE LAW DISCRIMINATION BASED ON GENDER:

### —FAILURE TO PROMOTE—

### (NRS 613.330)

120.    DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

121.    DROWNS belongs to a protected class, being female.

122.    DROWNS applied for the position of General Manager of the Restaurant, which

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

position had candidacy requirements satisfied by DROWNS' education, training, experience, and skills.

123. DROWNS was qualified by education, training, experience, and skills for the position of General Manager of the Restaurant.

124. DROWNS was not seriously or earnestly considered for the position of General Manager of the Restaurant, as described herein, based on her gender.

125. DROWNS was not selected and was denied the position of General Manager of the Restaurant, as described herein, based on her gender.

126. DROWNS was rejected for the position of General Manager of the Restaurant, despite her qualifications.

127. RHGI continued to consider other applicants whose qualifications were comparable to, or inferior to, DROWNS, after rejecting DROWNS.

128. RHGI filled the position with an employee not of plaintiff's class, *i.e.* RHGI hired a male, Carlos, to fill the position of General Manager of the Restaurant.

129. RHGI (including through its employees and agents) did not promote DROWNS to the position of General Manager of the Restaurant, because of, or substantially motivated by the fact of, her protected class, *i.e.*, because she was a female.

130. RHGI (including through its employees, officers, and agents) unlawfully discriminated against DROWNS, when not earnestly considering her for the position and when not selecting her as the General Manager of the Restaurant because of or motivated by her sex, female,  in violation of NRS 613.330.

131. DROWNS' protected trait, her female gender, was a motivating factor of RHGI's decisions (and the decisions of RHGI's employees, officers, and agents) not to reasonably or seriously consider and/or not to select DROWNS for the position of General Manager of the Restaurant, in violation of NRS 613.330.

132. RHGI's discriminatory conduct was intentional, including as evidenced by:

(A) Murphy lying to DROWNS about the status of her having been selected for the position of General Manager at the Restaurant, when she was never earnestly considered for the position based on her gender, all the while keeping DROWNS *underpaid* at her prior lower-

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

1  management pay, while she performed in the position of acting General Manager, while the RHGI

2  secretly looked for a male candidate to fill the position;

3          (B)    RHGI, through its agents, officers, and employees, including Murphy and

4  Rickard not providing DROWNS with the proper evaluation form to support her application for the

5  position of General Manager of the Restaurant—as promised at least three times, then later telling her

6  that filling out that evaluation form was not important and just a formality;

7          (C)    Leslie's warning to DROWNS, described herein, that if she raised or persisted in

8  discussing employment discrimination issues in the future, that she would "never get promoted";

9          (D)    RHGI, through its agents, officers, and employees, including Murphy,

10  deliberately and falsely telling DROWNS that:

11          (i)    she *would be hired* for the position of General Manager of the Restaurant,

12  when, in fact, she was never reasonably or seriously considered for the position;

13          (ii)    that she was *already hired* as the General Manager of the Restaurant

14  when, in fact, she was never reasonably or seriously considered for the position; and

15          (iii)    she should order her business cards for the position of General Manager

16  of the Restaurant, and to start telling others that she was "officially" hired for the position, when, in

17  fact, she was never even considered or earnestly considered for the position.

18      133.    As a result of RHGI's violations of NRS 613.330 (including those committed through

19  RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and

20  continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory

21  damages) and non-pecuniary, compensatory damages (including emotional pain, suffering,

22  inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and

23  compensatory damages, in an amount to be proven at trial.

24      134.    The intentional, unlawful, and discriminatory conduct of gender-based discrimination by

25  Defendant RGHI (including those committed through RHGI's agents and employees) complained of in

26  this cause of action, was willful, malicious, and/or engaged in with a reckless indifference to the

27  federally-protected rights of DROWNS, warranting an award of punitive damages, to punish

28  Defendant, in an amount determined by a jury at trial, according to law.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

135.    As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action), DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

136.    As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

137.    As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

## X.

### SIXTH CLAIM FOR RELIEF

### STATE-LAW DISCRIMINATION BASED ON GENDER:

### —DISPARATE TREATMENT AND WRONGFUL TERMINATION—

### (NRS 613.330)

DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

138.    DROWNS belongs to a protected class, being female.

139.    DROWNS was qualified for the management positions she held, including the front-of-house Hospitality Manager, Acting General Manager of the Restaurant, her qualifications having been described herein.

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

140.  At all relevant times herein, DROWNS was also qualified for the management position she applied for: General Manager of the Restaurant and the management position to which she was reassigned, Beverage Manager, her qualifications having been described herein.

141.  At all relevant times herein, DROWNS performed her job in a satisfactory manner and to her employer's legitimate expectations.

142.  As a female, DROWNS was subject to disparate treatment at the Restaurant, as compared to males, including when:

(A)  not being given proper consideration and credibility with management concerns, requests, and recommendations that she made, as a female, when males, expressing the same or similar concerns, were given proper consideration and credibility, as described herein—all of which was demeaning to her and which undermined her management authority and interfered with her job performance;

(B)  Leslie's warning to DROWNS, described herein, that if she raised or persisted in discussing employment discrimination issues concerning Liller in the future, that she would "never get promoted," yet when Leslie when raised employment discrimination concerns regarding Liller's sexual harassment of female employees, RHGI terminated Liller;

(C)  DROWNS was being underpaid as an acting-General Manager of the Restaurant, as a female, being paid at her old, lower-management rate, whereas she would have been paid a higher wage commensurate with being the acting-General Manager, if she were a male;

(D)  DROWNS being "led on" and given the false hope and false promise by Murphy that she would be promoted to General Manager of the Restaurant, when she was never earnestly considered for the position, because she was a female, whereas these adverse employment actions would not have occurred if she were a male;

(E)  DROWNS being issued false and hypercritical reprimands or write-ups, as a female, which would not have been issued to similarly situated males;

(F)  DROWNS not being given a proper or reasonable investigation to evaluate the false and hypercritical claims made against her for which she was reprimanded, which, if she were a male, such adverse employment actions would not have been taken; and

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

28

(G)     DROWNS being terminated, whereas similarly-situated males would not have been terminated.

143.    As a female, DROWNS was subject to adverse employment actions at the Restaurant, including when:

(A)     not being given reasonable consideration and credibility with personnel and administrative concerns, requests, and recommendations that she made, as described herein—all of which was demeaning to her, undermined her employee status and management authority, and interfered with her job performance;

(B)     being underpaid as an acting-General Manager of the Restaurant;

(C)     being "led on" and given the false hope and false promise that she would be promoted to General Manager of the Restaurant, when she was never earnestly considered for the position, as a female;

(D)     being issued false and hypercritical reprimands or write-ups;

(E)     not being given a proper or reasonable investigation to evaluate the false and hypercritical claims made against her for which she was reprimanded; and

(F)      being terminated.

144.    Similarly situated individuals not in DROWNS' protected class, *i.e.*, those who were male, were treated more favorably than she was.

145.    RHGI (including through its employees, officers, and agents) unlawfully discriminated against DROWNS, when engaging in this disparate treatment and wrongful termination of DROWNS, because of by her sex, female,  in violation of NRS 613.330.

146.    DROWNS' protected trait, her female gender, was a motivating factor of RHGI's adverse employment decisions and actions (including those of RHGI's employees, officers, and agents) when engaging in this disparate treatment and wrongful termination of DROWNS.

147.    RHGI's discriminatory conduct was intentional, including as evidenced by:

(A)     Defendant, through its agents, officers, and employees, lying to DROWNS about her prospects of being selected for the position of General Manager at the Restaurant, when she was never earnestly considered for the position because of, or motivated by, her gender, all the while

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

keeping DROWNS *underpaid* in the position of acting General Manager, while the company secretly looked for a male candidate to fill the position;

(B)     Leslie's warning to DROWNS, described herein, that if she raised or persisted in discussing employment discrimination issues in the future, that she would "never get promoted."

(C)     RHGI, through its agents, officers, and employees including Murphy and Rickard, not providing DROWNS with the proper evaluation form to support her application for the position of General Manager of the Restaurant—as promised at least three times, then later telling her that filling out that evaluation form was not important and just a formality;

(D)     Defendant, through Murphy, deliberately and falsely telling DROWNS that:

(i)     she *would be hired* for the position of General Manager of the Restaurant, when, in fact, she was never reasonably or seriously considered for the position;

(ii)     that she was *already hired* as the General Manager of the Restaurant when, in fact, she was never reasonably or seriously considered for the position; and

(iii)     she should order her business cards for the position of General Manager of the Restaurant, and to start telling others that she was "officially" hired for the position, when, in fact, she was never reasonably or seriously considered for the position.

148.     As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

149.     The intentional, unlawful, and discriminatory conduct of gender-based discrimination by RGHI (including those committed through RHGI's agents and employees) complained of in this cause of action, was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of DROWNS, warranting an award of punitive damages, to punish Defendant, in an amount determined by a jury at trial, according to law.

150.     As a result of RHGI's violations of NRS 613.330 (including those committed through

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

30

RHGI's agents and employees) complained of in this cause of action, DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

151.    As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

152.    As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

## XI.

## SEVENTH CLAIM FOR RELIEF

## STATE-LAW DISCRIMINATION BASED ON GENDER:

## —DISPARATE IMPACT FAILURE TO PROMOTE—

## (NRS 613.330)

153.    DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

154.    At all times relevant herein, RHGI pursued the Policies and Practices, described herein, which have had the effect of denying equal job opportunities in upper management and the position of General Manager.

155.    Some or all of these Policies and Practices are "neutral" on their face, and/or are not capable of separation for analysis, based on the fact that RHGI's decisionmaking process for the promotion of persons to upper management/General Manager positions were based on the pervasive,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

subjective, and discretionary application of criteria in RHGI's management promotion practices, such that the decisionmaking process may be analyzed as one employment practice.

156. Statistical evidence exists of a kind and degree sufficient to show that RHGI's Policies and Practices have caused the exclusion of applicants, including DROWNS, for the job interviews and job promotion of General Manager of the Restaurant because of their membership in the protected group, *i.e.*, females, and this exclusion occurred to DROWNS for the position of General Manager of the Restaurant, as described herein.

157. Such statistical evidence satisfies the "Four-Fifths"-selection rule set forth in the Uniform Guidelines on Employee Selection Procedures ("Uniform Guidelines"), 29 C.F.R. § 1607.4(D).

158. Accordingly, RHGI has violated NRS 613.330 by pursuing and maintaining its Policies and Practices, which have had the discriminatory impact on females (including DROWNS) not being interviewed and not being selected for upper management/general management positions, including DROWNS not being earnestly considered or interviewed for the position, and not being selected or promoted to the position of, General Manager at the Restaurant.

159. As a result of RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

160. As a result of Defendant RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action), DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

161. As a result of Defendant RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

162.    As a result of Defendant RHGI's violations of NRS 613.330 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

## XII.

### EIGHTH CLAIM FOR RELIEF

### STATE-LAW RETALIATION BASED ON GENDER-PROTECTED ACTIVITIES

### (NRS 613.340)

163.    DROWNS incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

164.    At all times relevant herein, DROWNS engaged in protected activities ("Protected Activities") when opposing RHGI's conduct (including that conduct of its agents, officers, and employees) that DROWNS reasonably believed to violate NRS 613.340 of the Civil Rights Act of 1964, based on gender, when:

(A)    In late December of 2018 or January of 2019, DROWNS reported to RHGI that Liller was engaging in inappropriate sexual conduct with female subordinates, which reported his unlawful employment discrimination and harassment based on sex by Liller, as described herein;

(B)    In May of 2019, DROWNS complained to Rickard, that her candidacy for the position of General Manager of the Restaurant was not earnestly being considered, and that she was not being promoted to the position of General Manager of the Restaurant, because of or motivated by her female gender; and

(C)    On July 20, 2019, DROWNS informed Rickard and other members of RHGI

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

management that she had filed a charge of unlawful gender discrimination with the Nevada Equal Rights Commission ("NERC") against RHGI, explaining the bases of her claims.

165.   In response to DROWN's Protected Activity occurring prior to July 20, 2019, described herein, RHGI (including through its agents, officers, and employees) subjected DROWNS to adverse employment actions, including when:

(A)   Lying and/or continuing to lie to DROWNS about the status of her having been selected for the position of General Manager at the Restaurant, when she in fact was not selected for that position, while also keeping DROWNS *underpaid* at her prior lower-management pay, while requiring that she perform in the position of acting General Manager, as described herein;

(B)   Not earnestly considering DROWNS' application for the position of General Manager of the Restaurant, or in the alternative, terminating any consideration of DROWNS' application for the position of General Manager of the Restaurant, as described herein;

(C)   Not selecting DROWNS for the position of General Manger of the Restaurant, as described herein;

(D)   Issuing a false and hypercritical reprimand of DROWNS concerning a false complaint that she was a racist, as described herein;

(E)   Failing to conduct a fair and reasonable investigation the matter for which this false and hypercritical reprimand was issued;

(F)   Advising DROWNS, in mid-June of 2019, that she would not be considered for the position of the General Manager of the Restaurant;

(G)   Issuing a second false and hypercritical reprimand regarding the performance of line-checks, described herein; and

(H)   Terminating DROWNS, on a pretext based on false and hypercritical reprimands, as described herein.

166.   In response to DROWN's Protected Activity occurring in July of 2019, described herein, Defendant RHGI (including through its agents, officers, and employees) subjected DROWNS to adverse employment actions, including when:

(A)   Issuing a second false and hypercritical reprimand, regarding the performance of

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

34

line-checks, described herein; and

(B)   Terminating DROWNS, on a pretext based on its false and hypercritical reprimands, as described herein.

167.   A causal link exists between the protected activity and the adverse action, including as evidenced by the statements and acts of RHGI and its officers, managers, employees, and agents, as described herein, and including as evidenced by the "temporal proximity" between the Protected Activities and the adverse employment actions described herein.

168.   Accordingly, Defendants engaged in unlawful retaliation against DROWNS, in violation of NRS 613.340 of the Civil Rights Act of 1964 because of her Protected Activities, as described herein.

169.   RHGI's discriminatory conduct was intentional, including as evidenced by:

(A)   RHGI's deception to DROWNS concerning her about her promotion to General Manager, while underpaying her as the acting-General Manager, as described herein;

(B)   Leslie's warning to DROWNS, described herein, that if she raised or persisted in discussing or raising employment discrimination issues in the future—which she ultimately did—that she would "never get promoted," and this threat presciently came true, with malice aforethought by RHGI; and

(C)   RHGI issued DROWNS the first false and hypercritical reprimand described herein a few weeks after DROWNS complained of gender discrimination against her, which reprimand served to warn and deter DROWNS from engaging in further protected activities of complaining about gender discrimination, such that her further protected activity of July 20, 2019, was met with a more severe form of retaliation: termination; and

(D)   RHGI deliberately refused to reasonably investigate this false and hypercritical reprimand, to carry out its pre-scripted narrative and pretext.

170.   As a result of RHGI's violations of NRS 613.340 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has suffered and continues to suffer: economic losses (including back pay, front pay, and pecuniary compensatory damages) and non-pecuniary, compensatory damages (including emotional pain, suffering,

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

inconvenience, mental anguish, loss of enjoyment of life), for which she is entitled to equitable and compensatory damages, in an amount to be proven at trial.

171.    The intentional, unlawful, and discriminatory conduct of gender-based discrimination by RGHI (including those committed through RHGI's agents and employees) complained of in this cause of action, was willful, malicious, and/or engaged in with a reckless indifference to the federally-protected rights of DROWNS, warranting an award of punitive damages, to punish Defendant, in an amount determined by a jury at trial, according to law.

172.    As a result of RHGI's violations of NRS 613.340 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS has had to retain the services of attorneys in this matter, and she therefore is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and court costs, in an amount to be proven at trial.

173.    As a result of RHGI's violations of NRS 613.340 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant RHGI (including through its agents and employees) violated her rights by engaging in unlawful discrimination, as alleged herein.

174.    As a result of RHGI's violations of NRS 613.340 (including those committed through RHGI's agents and employees) complained of in this cause of action, DROWNS is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendant RHGI (including through its agents and employees) to give effect to the rights of DROWNS, to promote her to the position of General Manager of the Restaurant, with all privileges of such a promotion, and to take other appropriate action, including: the removal of all adverse information from her employee file, relevant to the claims of this case.

## XIII

### PRAYER FOR RELIEF

WHEREFORE, DROWNS prays for judgment against Defendant RHGI, as follows:

1.    For equitable relief, including back pay and front pay, to the fullest recoverable extent, under Title VII, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

2.      For general, compensatory damages on all claims, to the fullest recoverable extent, under Title VII, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

3.      For special, compensatory damages on all claims, to the fullest recoverable extent, under Title VII, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

4.      For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial, to the fullest recoverable extent, under Title VII, NRS 613.330, and NRS 613.340, separately, in an amount to be proven at trial;

5.      For exemplary and punitive damages, as allowed by law;

6.      For costs of the suit incurred herein;

7.      For attorneys' fees, costs, and prejudgment interest, as allowed by law;

8.      For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial or a hearing on the same;

9.      For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, DROWNS seeks, and is entitled to have, declaratory relief awarded in her favor, to declare her rights and the obligations of Defendant RHGI, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant RHGI unlawfully discriminated against DROWNS in violation Title VII, NRS 613.330, and NRS 613.340, and otherwise violated DROWNS'S rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to DROWNS'S employment and re-employment;

10.     Based on the foregoing, DROWNS has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. This inadequacy is, in part, based on the facts that DROWNS is not currently employed by RHGI and should be reinstated, if feasible, including to another vacant position at RHGI, for which she is qualified, and

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

the inadequacies of remedies available at law, such as monetary damages, are further based on the fact that RHGI/RHGI is currently maintaining false and disparaging information about DROWNS's work performance and tenure at RHGI, which will be discovered by third parties, including prospective employers of DROWNS, which will interfere with her ability to obtain employment, including re-employment at RHGI.  As such DROWNS is entitled to injunctive relief, including an injunction compelling Defendants:

      (A)    To remove false, adverse information contained in her personnel files relating to the claims of this case;

      (B)    To provide only a "neutral" job reference concerning DROWNS's tenure at RHGI, to all inquiring prospective employers; and

      (C)    To reinstate DROWNS's employment at RHGI or to another available position for which she qualifies at RHGI, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. DROWNS herein seeks Injunctive relief, equitably determined by the Court at trial;

11.    For such other relief as the Court may deem just and proper; and

12.    Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 27th Day of November 2020.      THE GEDDES LAW FIRM, P.C.

WILLIAM J. GEDDES
Nevada Bar Number 6984
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455
*Attorneys for Plaintiff Amanda Drowns*

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455